UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LANCE A. JOHNSON,

    Plaintiff,

v.

DEUTSCHE BANK NATIONAL
TRUST COMPANY, LLC, et al.,

    Defendants.

2:09-CV-1804 JCM (LRL)

**ORDER**

Presently before the court is plaintiff Lance Johnson's motion for reconsideration of the court's order granting defendant's motion to dismiss plaintiff's verified complaint. (Doc. # 51). Defendants filed an opposition (Doc. #52) and plaintiff filed a reply. (Doc. #53).

It is appropriate to alter or amend a judgment under Federal Rule of Civil Procedure ("FRCP") 59(e) if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland,* 225 F.3d 734, 740 (9th Cir. 2001).

On April 2, 2010, this court granted defendants' motion to dismiss (doc. #27) and denied plaintiff's motion to amend. (Doc. #41). First, plaintiff maintains that the court should alter or amend the judgment based on evidence he describes as "new."

Plaintiff attached two exhibits to his motion for reconsideration that he claims prove defendants have initiated an action to collect on his debt and, therefore, his time-barred Truth In

**James C. Mahan**
**U.S. District Judge**

1  Lending Act ("TILA") claims are revived and should be considered by this court.  Exhibit A to
2  plaintiff's motion for reconsideration (Doc. #51) is a statement dated December 16, 2009.  The court
3  did not enter judgment in this matter until April 2, 2010.  Within that time frame, plaintiff filed his
4  opposition to the motion to dismiss, motion to amend, and reply in support of motion to amend.
5  Therefore, the plaintiff had ample opportunity to submit the evidence to the court.  This court cannot
6  consider exhibit A as newly discovered evidence to support this motion for reconsideration.

7  Exhibit B to plaintiff's motion for reconsideration (Doc. #51) does not relate to plaintiff's
8  first mortgage, which is the only mortgage at issue here.  Therefore, exhibit B cannot be considered
9  in this matter.

10  Furthermore, neither exhibits A or B constitute the type of "action" by a creditor that permit
11  a borrower to assert untimely claims. Neither exhibit represents an initiated lawsuit, and therefore,
12  plaintiff cannot rely upon those statements to revive his stale claims. This court finds that exhibits
13  A and B are not newly discovered evidence.

14  Second, plaintiff claims that this court "may have potentially erred in its position that the
15  plaintiff did not in some way act fairly and equitably himself with respect to the controversy." (Doc.
16  #51).  Plaintiff has failed to demonstrate that the court made a clear error.  This court finds that it did
17  not make a clear error or make an initial decision that was manifestly unjust.

18  Third, in plaintiff's memorandum in support of motion to alter or amend the judgment (Doc.
19  #53), he alleges the defendants never had standing to foreclose because they are not the creditor in
20  the this action. To illustrate his point, he attaches an apparently unrelated memorandum decision
21  issued by the United States Bankruptcy Court for the District of Arizona, with no explanation.
22  Plaintiff's argument is a conclusory statement for which he provides no appropriate evidence.
23  Therefore, his argument provides no basis for the court to alter or amend it's judgment.

24  Accordingly,
25  . . .
26  . . .
27  . . .
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1
2    IT IS HEREBY ORDERED, ADJUDGED AND DECREED that plaintiff's motion for
3    reconsideration of order to grant defendants motion to dismiss plaintiffs verified complaint (Doc.
4    #51) be, and the same hereby is, **DENIED**.
5    DATED this 24th day of June, 2010.
6
7    _____
     **UNITED STATES DISTRICT JUDGE**
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**James C. Mahan**
**U.S. District Judge**

- 3 -